IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**CALVIN McRAE, Sr.,**

      **Petitioner,**

    v.                        **CIVIL ACTION NO. 2:08cv55**
                                  **(Judge Maxwell)**

**JOE DRIVER,**

      **Respondent.**

## REPORT AND RECOMMENDATION

### I. BACKGROUND

This matter is pending before me for Report and Recommendation pursuant to LR PL P 83.09. On March 27, 2008, the *pro se* petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 alleging that the Hazelton Prison Camp, where he was incarcerated at the time he filed this petition, is not equipped to handle his medical conditions. On June 16, 2008, the petitioner paid the $5.00 filing fee.

### I. PETITION

On March 27, 2008, the petitioner filed an Application for Habeas Corpus Pursuant to Title 28 U.S.C. § 2241. The petitioner was incarcerated at the Hazelton Prison Camp in Bruceton Mills, West Virginia when he filed his petition. However, on June 9, 2008, the petitioner notified the Court that he had been transferred to Butner - Low Security Correctional Institution which is located in Butner, North Carolina.

The petitioner alleges that he was convicted of Intent to Distribute in the United States District Court for Maryland and was sentenced on April 4, 2007, to a term of 108 months. The

petitioner further alleges that he is a diabetic with a cardiac history and takes medications which is supposed to be checked on a daily basis. The plaintiff contends that these is no medical staff at the Hazelton Camp from 10 P.M. until 6:00 a.m., and that he fears for his life in the event of a medical emergency. Finally, the petitioner alleges that he needs to see an eye doctor and has been waiting since July 29, 2007 for an eye appointment. As relief, the petitioner seeks assistance in a getting to a medical facility because his medical condition has taken a turn for the worse since his incarceration.

## II. ANALYSIS

A petition under 28 U.S.C. § 2241 must be filed in the district of incarceration. United States v. Miller, 871 F.2d 488 (4th Cir. 1989). Jurisdiction over a § 2241 petition is determined at the time of filing of the petition. Hooker v. Sivley, 187 F.3d 680, 682 (5th Cir. 1999). Therefore, because the petitioner was incarcerated within the judicial district of the United States District Court for the Northern District of West Virginia when the petition was filed, this Court continues to have jurisdiction over this matter even though the petitioner has been transferred out of this district.

However, the petitioner is not entitled to any relief under §2241 because he is not challenging the legality of his custody and does not seek the immediate or speedier release from imprisonment. Rather, he is challenging the conditions of his confinement or a violation of his civil rights, and these are not claims which can be brought in a habeas corpus petition. See Preiser v. Rodriguez, 411 U.S. 475, 499-500 (federal habeas relief extends to prisoners challenging the fact or duration of imprisonment and § 1983 actions apply to inmates making constitutional challenges to conditions of confinement). See also Lee v. Winston, 717 F.2d 888 (4th Cir. 1983). To pursue the claims raised in his petition, the petitioner must file a lawsuit governed by Bivens v. Six

Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 399 (1971),[1] and pay the $350.00 filing fee.

### III. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition (Doc. 1) be DENIED without prejudice to the respondent's right to file a Bivens action.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: June 19, 2008

    /s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE

---

[1] In Bivens, the Supreme Court created a counterpart to §1983 so that individuals may bring suit against a federal actor for violating a right guaranteed by the Constitution or federal law. Because petitioner is a federal prisoner, he must therefore file a Bivens action as opposed to one under §1983.