# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**CALVIN McRAE, Sr.,**

    **Petitioner,**

    v.                                                           **Civil Action No. 2:08 CV 55**
                                                                                                 **(Maxwell)**

**JOE DRIVER,**

    **Respondent.**

## ORDER

It will be recalled that on March 27, 2008, *pro se* Petitioner Calvin McRae, Sr., instituted the above-styled civil action by filing an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 alleging that the Hazelton Prison Camp, where he was incarcerated at the time he filed said Application, was not equipped to handle his medical conditions.

It will further be recalled that the case was referred to United States Magistrate Judge James E. Seibert in accordance with Rule 83.09 of the Local Rules of Prisoner Litigation Procedure.

On June 19, 2008, Magistrate Judge Seibert entered a Report And Recommendation wherein he recommended that the Petitioner's § 2241 Application be denied without prejudice to the Petitioner's right to file a Bivens action.

In his Opinion/Report And Recommendation, Magistrate Judge Seibert provided the parties with ten (10) days from the date of said Report And Recommendation in which to file objections thereto and advised the parties that a failure to timely file objections would result in the waiver of their right to appeal from a judgment of this Court based upon said Report And Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the Magistrate Judge's findings to which objection is made. The Court is not, however, required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, objections to Magistrate Judge Seibert's Report And Recommendation were due within ten days of being served with a copy of the same. The docket in the above-styled civil action reflects that the Petitioner received a copy of said Report And Recommendation on June 24, 2008. The docket herein further reflects, however, that, to date, no objections to said Report And Recommendation have been filed.

Upon consideration of Magistrate Judge Seibert's June 19, 2008, Report and Recommendation, and having received no written objections thereto, it is

**ORDERED** that the Report And Recommendation entered by United States Magistrate Judge James E. Seibert on June 19, 2008, be, and the same is hereby, **ACCEPTED** in whole and this civil action be disposed of in accordance with the recommendation of the Magistrate Judge. Accordingly, it is

**ORDERED** that the Petitioner's Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Docket No. 1) be, and the same is hereby, **DENIED and DISMISSED without prejudice to the Petitioner's right to file a Bivens action**. It is further

**ORDERED** that the Clerk of Court shall enter judgment for the Respondent. It is

further

**ORDERED** that, should the Petitioner desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within thirty (30) days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure.  The $5.00 filing fee for the notice of appeal and the $450.00 docketing fee should also be submitted with the notice of appeal.  In the alternative, at the time the notice of appeal is submitted, the Petitioner may, in accordance with the provisions of Rule 24(a) of the Federal Rules of Appellate Procedure, seek leave to proceed *in forma pauperis* from the United States Court Of Appeals For The Fourth Circuit.     The Clerk of Court is directed to transmit a copy of this Order to the *pro se* Petitioner and to counsel of record in the above-styled civil action.

**ENTER:** February   25  , 2009

**/S/ Robert E. Maxwell**
United States District Judge